**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CARA SWANAGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:26-cv-01332-PLC** |
| | ) | |
| **THE CIGNA GROUP** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **EXPRESS SCRIPTS PHARMACY, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Cara Swanagan's Motion for Appointment of Counsel [ECF No. 5]. On August 20, 2026, Plaintiff filed a *pro se* complaint alleging discrimination on the basis of disability in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e, *et seq.*, and the American with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et. seq*. [ECF No. 1] In her complaint, Plaintiff alleges that Defendants: (1) failed to accommodate her disability; (2) treated Plaintiff differently than her similarly situated coworkers; (3) retaliated against her; and (4) harassed her. [ECF No. 1] Plaintiff alleges she was discriminated against on the basis of her race, gender, and disability. [ECF No. 1] In her motion for appointment of counsel, Plaintiff states she is "unable to pay a reasonable attorney fee" and has "made diligent efforts to obtain legal counsel, but because of my poverty I have been unable to secure same."[1] [ECF No. 5]

---

[1] Notably, Plaintiff did not complete the form, leaving blank the section directing her to detail the efforts she made to secure counsel. [ECF No. 5] Plaintiff also failed to date the form.

A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent Plaintiff has stated a non-frivolous claim ... and where the nature of the litigation is such that Plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing the factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court, and neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion seeking the appointment of counsel [ECF No. 5] is **DENIED.**

Patricia L. Cohen
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of October, 2026